UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TION ALONZO GRIMMETT HILL, SR, <br><br> Plaintiff, <br><br> v. <br><br> A. YOUSSEF, *et al.*, <br><br> Defendants. | Case No. 2:23-cv-00492-JDP (PC) <br><br> **ORDER** <br><br> GRANTING PLAINTIFF'S MOTION FOR LEAVE TO FILE MOTION TO COMPEL AND DENYING HIS MOTION TO COMPEL AND MOTION TO SHORTEN TIME TO FILE DISPOSITIVE MOTIONS <br><br> ECF Nos. 25, 26, & 28 |

Plaintiff brings this action alleging that the named defendants violated his Eighth Amendment rights by failing to provide him with adequate medical care. Now pending are his motion for leave to file a motion to compel, ECF No. 25, the motion to compel itself, ECF No. 26, and a motion to shorten the time to file dispositive motions, ECF No. 28. I will grant his motion for leave to file a motion to compel and, for the reasons stated below, deny the other two motions.

Motion to Compel

Plaintiff has moved to compel additional answers to four interrogatories he served on defendant Youssef. I will address each in turn.[1]

Interrogatory Number Eight requests: "[b]etween March 2022 [and] January 2023, IDENTIFY ALL Opthamologist (sic) who had "privileges" to operate on CDCR prisoners and the duration of each "privilege" for each doctor." Youssef responded:

> Defendant objects to this interrogatory on the grounds that it is vague and ambiguous as to "privileges," and "operate," overly broad, seeks information not related to the claim or defense of any party, and is unduly burdensome, as the institution does not track doctors who have "privileges" to operate on inmate/patients and the duration of such "privileges." Based upon these objections, Defendant is unable to respond to this interrogatory.

ECF No. 27 at 4. In their opposition to the motion to compel, defendants state that they ultimately concluded that plaintiff was asking after a list of ophthalmologists with authorization to perform surgical operations on CDCR prisoners. *Id.* They go on to state that such information is not tracked by CDCR and, thus, answering this interrogatory would require an agency-wide investigation to determine every ophthalmologist that operated on a prisoner during the time period and then determine the length of their surgical authorizations. *Id.* The broad nature of the interrogatory, coupled with the fact that there is apparently no easy way to access or compile this information, convinces me that it is overly burdensome. Plaintiff contends that defendants claim that the information is not tracked is false, ECF No. 26 at 10, but he offers no concrete evidence of that falsity. I also find that there is insufficient relevance between plaintiff's claims and the information sought. Plaintiff alleges that defendants failed to schedule necessary eye surgery and that defendant Nguyen declined to perform the surgery once he saw her. ECF No. 1 at 4-5. It seems likely that the number of available ophthalmologists has a bearing on scheduling, but plaintiff's claims are not that defendants best attempts to schedule surgery were frustrated by a

---

[1] Defendants also argue that the motion to compel is untimely insofar as it was filed after the February 16, 2024 deadline set by my scheduling order. ECF No. 18 at 4. I agree. Given plaintiff's *pro se* status, however, I have considered the substance of his motion to compel out an abundance of caution.

2

lack of providers. Rather, he alleges that they failed to follow CDCR policies and procedures and unnecessarily delayed scheduling the procedure. *Id.*

Interrogatory Number Ten requests: "[w]hen a specialist RECOMMENDS a sugery (sic) for other medical issues IDENTIFY the medical surgeries YOU, CDCR, and/or CCHCS seek a "second opinion." ECF No. 27 at 5. Youssef responded:

> Defendant objects to this request on the grounds that it is vague and ambiguous as to "other medical issue(s)," "medical surgeries," and "second opinion," argumentative, and seeks information not related to the claim or defense of any party. Without waiving any objections, Defendant responds as follows: Second opinions are sought on a case-by-case basis depending on the unique facts and circumstances of each medical condition surgery has been recommended to treat. Accordingly, there is no set list of "other medical issue(s)" where second opinions are always sought.

*Id.* The boilerplate objections notwithstanding, I find that defendant adequately answered this interrogatory. He states that second opinions are obtained on a case-by-case basis and, thus, there is no single, definitive answer to plaintiff's interrogatory. I cannot compel more.

Interrogatory Number Eleven requests "[b]etween August 2018; through August 2023, IDENTIFY the prisoners, incarcerated person(s), YOU, CCHCS and/or CDCR sought a 'second opinion' CONTRARY TO DR. BONDS RECOMMENDING any/all eye surgeries." *Id.* at 6. Youssef responded:

> Defendant objects to this interrogatory on the grounds that it is vague and ambiguous as to "prisoners," "incarcerated person(s)," "second opinion," "contrary," and "eye surgeries," assumes the truth of facts which are disputed, i.e., that Dr. Bonds recommended eye surgeries for other inmate/patients and Defendant, CCHCS, and/or CDCR sought a second opinion. The request also violates third-party privacy rights of non-party inmate/patients and is unduly burdensome. Defendant has no way of identifying inmate/patients for whom Dr. Bonds recommended surgery and Defendant, CCHCS, and/or CDCR sought a second opinion, other than reviewing each and every inmate's medical records to determine whether Dr. Bonds treated them, recommended surgery, and whether a second opinion was sought. This would require the institution to search through hundreds of thousands, if not more, of medical records. Based on the foregoing objections, Defendant will not respond to this request.

*Id.* at 7. I find defendants' objections regarding third-party privacy and burden compelling. Other inmates have a privacy interest in their medical records and whether other inmates were

3

provided with constitutionally adequate care (or not) does not have any meaningful relevance to plaintiff's claims about the adequacy of *his* medical care.

Finally, Interrogatory Number Twelve requests: "CONTRARY TO DR. TAWANSY conducting surgery on Plaintiff in March 2022, how did DR. TAWANSY loose (sic) his "privileges" not to operate on Plaintiff in accordance to Dr. Bonds RECOMMENDATION(S) for a second RD surgery June 2022." ECF No. 27 at 8. Youssef responded:

> Defendant objects to this interrogatory on the grounds that it is vague and ambiguous as to "loose," "privileges," and "RD surgery," argumentative, assumes the truth of facts which are disputed, i.e., that Dr. Tawansy conducted surgery on Plaintiff in March 2022 and that Dr. Bonds recommended a surgery in June 2022, and seeks information not related to the claim or defense of any party. To the extent this request seeks information regarding the reason for why Dr. Tawansy lost his authorization to treat CDCR inmates, the request seeks information that violates Dr. Tawansy's right to privacy. Without waiving any objections, Defendant responds as follows: On information and belief, Dr. Tawansy was the on-call and available ophthalmologist on January 5, 2022, when Dr. Tawansy performed emergency surgery on Plaintiff. On information and belief, Dr. Tawansy lost authorization to treat California Department of Corrections and Rehabilitation inmates on May 9, 2018. Based on the above third-party privacy objection, Defendant will not respond further to this request.

*Id.* at 8-9. This response is adequate. Dr. Tawansy is not a party to this case and, despite reading the motion to compel several times, I cannot tell why the rationale for terminating his authorization is relevant to plaintiff's claims that the other defendants failed to schedule or perform his surgery. In light of that lack of apparent relevance, I credit defendants' argument that Tawansy has a privacy interest in the circumstances surrounding CDCR's decision not to continue his authorization to treat inmates.

Given that I am not compelling further responses from defendants, I also find it inappropriate to assess any discovery sanctions against them, as plaintiff requests.

<u>Motion to Shorten Time to File Dispositive Motions</u>

Plaintiff has moved to shorten the dispositive motion deadline. Currently, dispositive motions are due July 26, 2024. ECF No. 18. Plaintiff requests that a new deadline of May 24, 2024, be set because he is ready to oppose any dispositive motion from defendants. ECF No. 28

at 4.  Defendants have opposed the motion, arguing that their counsel needs the amount of time contemplated by my scheduling order.  ECF No. 29.  Plaintiff's motion will be denied.  I see no advantage in shortening the deadline for dispositive motions; on the contrary, the interests of justice are better served when litigants can trust and rely upon the dates the court sets.  That reliance allows counsel to apportion and schedule their labor without the fear that the rug may be pulled from under them when a new, quicker deadline suddenly appears.

Conclusion

Accordingly, it is ORDERED that:

1.  Plaintiff's motion for leave to file a motion to compel, ECF No. 25, is GRANTED.

2.  Plaintiff's motion to compel, ECF No. 26, and motion to shorten time, ECF No. 28, are DENIED.

IT IS SO ORDERED.

Dated:   May 20, 2024                              _____
                                                   JEREMY D. PETERSON
                                                   UNITED STATES MAGISTRATE JUDGE